■ In the Matter of VILLAGGIO ITALIA, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— *Per Curiam.* Appeal, by permission, from an order of the Supreme Court at Special Term which directed trial of supposed issues of fact in a proceeding under article 78 of the CPLR to review a determination of the State Liquor Authority. Petitioner, the holder of a hotel liquor license, applied for permission to construct an additional bar, seven feet in length, in its garden, for service to hotel guests during functions in the garden, and for permission to render room service to hotel guests. The application was approved by the local board but denied by appellant Authority. As was conceded on the argument (1) the determination consists of a stamped legend " Disapproved ", with the date December 16, 1963, and (2) the stated basis and finding predicative of the determination are that: " License issued on October 30, 1961 on condition that sales of alcoholic beverages be confined to main house & casino." The assertion that since that date the capacity and facilities of the hotel and the volume of its food and beverage business have been greatly expanded appears to be uncontroverted and, indeed, appellant asserts that " the pleadings indicate that substantially all the material facts were admitted." Too well known to require discussion is the requirement of findings sufficiently specific to furnish assurance that there was " ' considered action ' " by the administrative authority and " ' to provide the necessary basis for intelligent judicial review ' ". (*Matter of Scudder* v. *O'Connell*, 272 App. Div. 251, 253; *Matter of Barry* v. *O'Connell*, 303 N. Y. 46.) In this case,

the Authority's finding that the license is restricted seems scarcely a reasonable answer to an application to modify the restriction. The Authority, nevertheless, asserts that such is the basis of its determination; states further that "Whether there was reasonable basis for the exercise of the Authority's discretion is, in our opinion, a question of law and not a question of fact"; and accordingly argues that Special Term erred in directing a trial. It is abundantly clear, in these peculiar circumstances, that the question is one of law and should have been decided as such; and since the Authority is content to rest on the determination as now constituted, there would seem to be no occasion for Special Term to remit to the Authority for additional findings. As the appeal is from an intermediate order, the proceeding proper is not before us and must be determined at Special Term. Order reversed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.